AO 106 (Rev 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

)
)
)
)
)
)

Case No. 2:21-mj-531

T-Mobile, USA
4 Sylvan Way
Parsippany, OH 07054

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951 | Interference with Interstate Commerce through Robbery |
| 18 USC 924(c)(1)(A)(ii) | Brandish a Firearm during the Commission of an Offense of Violence |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ATF TFO Brian V. Boesch
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/10/2021

City and state: Columbus, OH

*Judge's signature*

Magistrate Judge Elizabeth Preston Deavers
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF
THE CELLULAR TELEPHONE ASSIGNED
CALL NUMBER (614) 966-3461,
PROVIDED BY T-MOBILE, USA, 4
SYLVAN WAY, PARSIPPANY, NJ 07054

Case No. _____

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Task Force Officer (TFO) Brian V. Boesch, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (614) 966-3461, with listed subscriber(s) unknown, (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.  I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since 7/6/2014. I have been a police officer with the Columbus Division of Police since November of 1994. I was previously assigned as a robbery detective for eight and a half years and successfully investigated robberies and extortions. During the course of the majority of the investigations, cellular phones played an integral part in either locating the suspect or discovering evidence on the handset. As a Task Force Officer, I am also authorized to carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

4.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that Terence J. BROADY has violated 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii). Terence J. BROADY was charged with these crimes on 8/6/2021 and is the subject of an arrest warrant issued on 8/6/2021. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Terence BROADY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.  The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is Southern District of Ohio: a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.      The United States, including Bureau of Alcohol, Tobacco, Firearms and Explosives, is conducting a criminal investigation of Terence BROADY regarding possible violations of 18 U.S.C. § 1951 and 18 U.S.C. 924(c)(1)(A)(ii).

8.      On 8/6/2021, United States District Court for the Southern District of Ohio Magistrate Judge Elizabeth Preston Deavers issued an arrest warrant for Terrance Jerome BROADY. The warrant was issued based on a complaint/affidavit sworn by ATF Task Force Officer (TFO) Brian V. Boesch. The arrest warrant is for violations of 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii) in relation to the armed robbery of the Waffle House located at 1050 E. Dublin-Granville Rd. On 8/7/2021, the ATF issued a media release requesting the public's assistance in locating BROADY. The media release was generic with information related to the offense, only mentioning the victim, Waffle House, and not a specific location. The media release did NOT mention that BROADY was a former employee of Waffle House. On 8/9/2021, a Crime Stoppers tip was received regarding BROADY's location. Crime Stoppers is an organization that allows individuals to provide anonymous tips to crimes that have occurred. The tipster stated that BROADY was a former employee of Waffle House and provided a phone number for him of (614) 966-3461, which was previously unknown to investigators. The tipster also provided a Facebook profile for BROADY and stated he may have an Instagram account. Therefore, TFO Boesch believes the tipster knows BROADY personally and the phone number could lead investigators to his location to effect an arrest for the charges against him.

9.    In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

10.    Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

11.    Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell

4

tower to which the customer connected at the beginning of the communication; (4) the cell tower

to which the customer connected at the end of the communication; and (5) the duration of the

communication. I also know that wireless providers such as T-Mobile typically collect and

retain cell-site data pertaining to cellular devices to which they provide service in their normal

course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

12.     Based on the foregoing, I request that the Court issue the proposed search

warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal

Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days after the collection authorized by the warrant has been completed. There is reasonable

cause to believe that providing immediate notification of the warrant may have an adverse result,

as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the

Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure

would give that person an opportunity to destroy evidence, change patterns of behavior, notify

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in

Attachment B, which is incorporated into the warrant, the proposed search warrant does not

authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the

extent that the warrant authorizes the seizure of any wire or electronic communication (as

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable

necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14.     I further request that the Court direct T-Mobile to disclose to the government any

information described in Attachment B that is within the possession, custody, or control of T-

Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

15.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

Brian V. Boesch
Task
Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF)

Subscribed and sworn to before me on _____, 2021

UNITED STATES MAGISTRATE JUDGE
Elizabeth Preston Deavers

6

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(614) 966-3461,** with an unknown subscriber(s) (the "Target Cell Phone"), whose wireless service provider is **T-Mobile, USA,** a company headquartered at 4 Sylvan Way, Parsippany, NJ.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile, USA: including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

#### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Terence BROADY, who was charged with violating 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii) on 8/6/2021, is the subject of an arrest warrant issued on 8/6/2021 and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.